UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAPITAL ONE INVESTING, LLC,

　　　　Plaintiffs,

　　v.

DONALD A. WILLIAMS, et al.

　　　　Defendants.

Case No. 2:16-CV-01079-RSL

ORDER GRANTING
DEFAULT JUDGMENT

　　This matter comes before the Court on plaintiff's "Motion for Default Judgment Against Defendants Danielle Brooks and Lakeisha Charles." Dkt. #25. Plaintiff, Capital One Investment, LLC ("COI") alleges that Defendants Danielle Brooks and Lakeisha Charles fraudulently obtained access to the email account of Kay Eley, a COI investment account holder, in July 2015. Dkt. #25 at 3. They used it to send various emails to Ms. Eley's financial COI advisor effectuating sales of securities and two transfers of $55,000 and $49,950.28 to accounts with IBC Bank ("IBC Account") and Wells Fargo Bank ("Wells Fargo Account"). Id. at 4-5. Documents produced by the banks revealed that the accounts belonged to Lakeisha Charles and Donald A. Williams, respectively. Id. at 5-6. The IBC Account was emptied and closed three weeks after the deposit. Id. Large transfers of funds were made from the Wells Fargo Account to an account held in Williams' name at Citibank ("Citibank Account"). Id. at 6. Among the Citibank transactions, plaintiff identified a payment on an auto loan owed to Capital One by Brooks. Id. at 7. Plaintiff also discovered that Brooks shares a home address with Williams. Plaintiff alleges that the evidence shows that Brooks was using Williams as an assumed identity.

ORDER GRANTING DEFAULT JUDGMENT - 1

Id. Defendants Donald A. Williams dba A D Williams Services and Donald A. Williams and Jane Doe Williams were dismissed without prejudice on April 30, 2018. Dkt. #24.

In its motion for default judgment ("the Motion"), plaintiff requests an award of statutory damages, prejudgment interest, attorney's fees, and costs. Dkt. #25 at 15. Defendants Brooks and Charles were served with the summons and complaint on July 25, 2017 and September 12, 2017. See Dkt. #26-1 at 12-15. Default was entered against them on October 20, 2017 and January 22, 2018. Dkt. #19; Dkt. #22.

"Upon entry of default, the well-pleaded allegations of the complaint relating to defendant's liability are taken as true, and the defaulting party is deemed to have admitted all allegations in the complaint pertaining to liability." Khuu v. Nguyen, No. C08-0312RSL, 2009 WL 1531606, at *1 (W.D. Wash. June 1, 2009) (citing TeleVideo System, Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987)). The Court need not make detailed findings of fact as long as the allegations contained in the pleadings are sufficient to establish liability. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) (citing Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990)). Plaintiff's claim for default judgment under the Washington Criminal Profiteering Act ("CPA") is governed by the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b). See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); N. Seattle Health Ctr. Corp. v. Allstate Fire & Cas. Ins. Co., No. C14-1680JLR, 2016 WL 4533055, at *3 (W.D. Wash. Jan. 27, 2016) (citing TransFresh Corp. v. Ganzerla & Assoc., Inc., 862 F. Supp. 2d 1009, 1016 (N.D. Cal. 2012)). Having reviewed the allegations of the complaint, Dkt. #11, the Motion, Dkt. #25, and the Affidavits of Scarlet Harper, Nancy Tyler, and William A. Kinsel in support of the Motion, Dkt. #26-28, the Courts finds as follows:

1. **Trebled Statutory Damages**

Once the fraud was discovered, plaintiff was responsible for making Kay Eley whole for the losses incurred, resulting in out-of-pocket losses to plaintiff in the amount of $104,950.28.

Dkt. #28. Plaintiff now seeks $314,850.84 as trebled damages under the CPA. <u>See</u> RCW 9A.82.100 (stating that the Court has discretion to order payment of an amount not exceeding three times the actual damages sustained). Plaintiff alleges that defendants have engaged in a pattern of criminal profiteering, including theft, money laundering, and identity theft. <u>See</u> RCW 9A.82.010 (defining acts of criminal profiteering); <u>see</u> RCW 9A.56.030 (defining theft in the first degree as including theft of property exceeding $5,000); RCW 9A.83.020 (defining money laundering); RCW 9.35.020 (defining identity theft). The Court agrees, but concludes that $209,900.56 is a more reasonable amount to compensate plaintiff and deter future violations. <u>See</u> Dkt. #27; <u>see</u> <u>Kreidler v. Pixler</u>, No. C06-0697RSL, 2010 WL 11527333, at *3 (W.D. Wash. Aug. 3, 2010), <u>aff'd</u>, 482 F. App'x 204 (9th Cir. 2012).

2. **Prejudgment Interest**

Prejudgment interest accrues at 12% per annum on the single damages amount of $104,950.28. <u>See</u> RCW 19.52.10; <u>see</u> <u>Dreis v. Dearborn Nat'l Life Ins. Co.</u>, No. C14-620 MJP, 2015 WL 11714445, at *1 (W.D. Wash. Nov. 17, 2015) (holding that RCW 19.52.10 governs awards of prejudgment interest). Plaintiff is entitled to prejudgment interest in the amount of $37,402.55. <u>See</u> Dkt. #28 at 6; Dkt. #25.

3. **Attorney's Fees and Costs**

Plaintiff requests attorney's fees of $17,000 and costs of $2,046.65. Plaintiff is entitled to recover its attorney's fees and expenses, <u>see</u> RCA 9A.82.100, and has provided an affidavit setting these out in detail. Dkt. #26.

For all the foregoing reasons, plaintiff's Motion is GRANTED IN PART. The Clerk of Court is directed to enter judgment in favor of plaintiff and against defendants Brooks and Charles in the following amounts:

    Principal Amount of Judgment:    $209,900.56

    Prejudgment Interest:    $37,402.55

| | | |
|---|---|---|
| Attorney's Fees: | | $17,000 |
| Costs: | | $2,046.65 |

for a total of $266,349.76.

DATED this 5th day of February, 2019.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFAULT JUDGMENT - 4